IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-HC-2065-M

SIDDHANTH SHARMA, )
 )
             Petitioner, )
 )
v. ) ORDER
 )
STEPHEN JACOBS and ERIC HOOKS, )
 )
             Respondents.[1] )

Petitioner, a state inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court for an initial review under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The matter is also before the court on petitioner's motions for help (D.E. 9), to amend (D.E. 10), for joinder (D.E. 12), to expedite (D.E. 15), and for writ of mandamus (D.E. 16).

The court begins by addressing petitioner's motions to amend and for joinder, which the court construes as a motion to substitute defendant. The court summarily grants the motion to amend. See Fed. R. Civ. P. 15(a)(1). Additionally, the court has reviewed and considered the allegations in the original petition (D.E. 1), corrected petition (D.E. 6), and motion to amend (D.E. 10) in conducting the initial review set out below.

Petitioner also seeks to substitute Stephen Jacobs ("Jacobs"), Warden of Scotland Correctional Institution ("Scotland CI"), for defendant John M. Sapper ("Sapper"), Warden of Bertie Correctional Institution ("Bertie CI"). (Mot. for Joinder (D.E. 12) at 1–2). Petitioner

---

[1] Petitioner seeks to substitute Stephen Jacobs as a defendant in this action for defendant John M. Sapper in his motion for joinder (D.E. 12). The court will grant this motion and will direct the clerk to substitute this defendant on the docket.

provides that he has been transferred from Bertie CI to Scotland CI, and therefore, Jacobs is now the appropriate defendant. Accordingly, the court grants the motion.

The court now turns to its initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. It does not clearly appear from the face of the petition that petitioner is not entitled to relief. Thus, the matter is allowed to proceed.

The court next addresses petitioner's motion for help. Petitioner reports that he was assaulted, stripped to his boxers, and placed in segregation without cause. (Mot. for Help (D.E. 9) at 1). He further alleges that, when his property was brought to him, he was missing documents from his habeas corpus case and his election campaign material, and a correctional officer sexually assaulted him. (Id.). As relief, petitioner requests a copy of the entire case file. (Id.). To the extent petitioner is requesting legal advice on how to proceed on his allegations of cruel and unusual punishment, the court cannot provide such advice.

To the extent petitioner requests a copy of the entire case file, on November 22, 2021, the clerk mailed him one-time courtesy copies of the petition (D.E. 1), motion for summary judgment (D.E. 3), motion to expedite (D.E. 4), the court's June 11, 2021, Order (D.E. 5), second motion to expedite (D.E. 7), the court's July 20, 2021, Order (D.E. 8), motion for help (D.E. 9), motion to amend (D.E. 10), and motion for joinder (D.E. 12). Petitioner has not again requested copies. Petitioner is forewarned that it is his responsibility to maintain his legal records. See United States v. Gallo, 849 F.2d 607, 1988 WL 60934, at *1 (4th Cir. May 31, 1988); Carawan v. Perritt, No. 5:16-CT-3244-FL (E.D.N.C. Aug. 25, 2017) (noting that it is a pro se litigants responsibility to maintain legal documents (citing Clegg-Ars v. Wiggins, No. 5:15-CT-3060-D, 2015 WL

2

4760705, at *3 (E.D.N.C. Aug. 12, 2015))); Locklear v. Hubbard, No. 5:11-CT-3094, 2012 WL 78378, at *5 (E.D.N.C. Jan. 10, 2012) ("A pro se litigant assumes responsibility for properly maintaining his legal records."). Should petitioner request copies in the future, it will require the copying cost at the rate of fifty cents per page. See 28 U.S.C. § 1914 n.4 (District Court Miscellaneous Fee Schedule). Accordingly, petitioner's motion for help is denied.

Next, the court considers petitioner's motion to expedite. Petitioner maintains that a final determination in this matter must be expedited because he is a candidate for the 2022 midterm elections, and "it seems INEVITABLE that [he] will actually win the [g]eneral [midterm] in November 2022." (Mot. to Expedite (D.E. 15) at 2). Such reasoning does not demonstrate a sufficient need for expedited litigation. See e.g., Burney v. Bray, No. 5:13-CT-3049-FL (E.D.N.C. May 15, 2013). Thus, the court, in its discretion, declines to expedite final determination.

Lastly, the court addresses petitioner's request for a writ of mandamus. Petitioner seeks to have the instant action given first priority in the undersigned's assigned cases. (Writ (D.E. 16) at 1–2). "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). "Courts provide mandamus relief only when (1) petitioner 'ha[s] no other adequate means to attain the relief [it] desires'; (2) petitioner has shown a 'clear and indisputable' right to the requested relief; and (3) the court deems the writ 'appropriate under the circumstances.'" In re Murphy-Brown, LLC, 907 F.3d 788, 795 (4th Cir. 2018) (quoting Cheney v. U.S. Dist. Court, 542 U.S. 367, 380–81 (2004)). Petitioner has not demonstrated he is entitled to the relief requested under the applicable standard, and the motion is denied.

3

## CONCLUSION

Based on the foregoing, petitioner's motions to amend (D.E. 10) and for joinder (D.E. 12) are GRANTED. Petitioner's motions for help (D.E. 9), to expedite (D.E. 15), and for writ of mandamus (D.E. 16) are DENIED. This matter is allowed to PROCEED, and the clerk is DIRECTED to maintain management of the matter. The clerk is also DIRECTED to amend the docket as set forth in footnote one.

SO ORDERED, this the 9th day of February, 2022.

*Richard E Myers II*
RICHARD E. MYERS, II
Chief United States District Judge