IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-HC-2065-M

| | | |
|---|---|---|
| SIDDHANTH SHARMA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EDDIE M. BUFFALOE, JR. and | ) | |
| STEPHEN JACOBS, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on petitioner's motions for reconsideration (D.E. 25, 26), to seal (D.E. 29), to abandon Local Rules in favor of 28 U.S.C. § 2243 (D.E. 41), for sanctions (D.E. 42), and "as to what in the world is going on with petitioner's case" (D.E. 45).[1]

A.  Motion to Abandon Local Rules in Favor of 28 U.S.C. § 2243 (D.E. 41)

The court first addresses petitioner's motion to abandon the time limits provided in Local Rules 7.1(f)(1) and (g)(1) in favor of those in 28 U.S.C. § 2243. Regarding non-discovery motions, the local rules provide 21days after service of the motion to respond and 14 days after service of the response to reply. Local Civ. R. 7.1(f)(1), (g)(1). Section 2243 provides that a writ of habeas corpus be returned by a respondent "within three days unless for good cause additional time, not exceeding twenty days."

Local Civil Rules 7.1(f)(1) and (g)(1) provide time limits for different matters than 28 U.S.C. § 2243. The deadline requirements in Local Civil Rules 7.1(f)(1) and (g)(1) only apply to

---

[1] Also pending are petitioner's motions for summary judgment (D.E. 30), amended motion for summary judgment (D.E. 31), and "change of address, add parties, EMERGENCY TRO/preliminary injunction, ruling on the pleadings, pretrial conference" (D.E. 46). Additionally, respondent's motion to dismiss (DE 34) remains pending. The court will address these motions in future orders.

non-discovery motions. The time limits in 28 U.S.C. § 2243 only apply to respondent's response to the writ after the writ is issued by the court. Because the deadlines in the Local Civil Rules and § 2243 are for unrelated matters, the court declines to abandon Local Rules 7.1(f)(1) and (g)(1) in favor of § 2243. The court denies the motion.

B.     Motions for Reconsideration (D.E. 25, 26)

Petitioner seeks reconsideration of the court's March 25, 2022, order finding the clerk of court had authority to grant respondent's motion for extension of time to answer and finding good cause existed for the extension. In both motions, petitioner argues the court erred in granting the extension of time because, pursuant to 28 U.S.C. § 2243, the court could provide an extension of only 20 days. (First. Mot. Recons. (D.E. 25) at 2–4; Second Mot. Recons. (D.E. 26) at 3–6). He also argues that respondents' counsel should have conferred with him because, since he is pro se, he is opposing counsel. (First. Mot. Recons. (D.E. 25) at 5; Second Mot. Recons. (D.E. 26) at 9).

"[A] district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). Such reconsideration or modification is at the discretion of the district court. Id. at 515; see also Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims."). "[A] court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) 'a subsequent trial produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.' Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (quoting Am. Canoe Ass'n, 326 F.3d at 515).

2

The court first addresses petitioner's argument pursuant to 28 U.S.C. § 2243. On March 17, 2022, respondents filed a motion for extension of time to answer. (Resp't's Mot. Ext. (D.E. 20)). The court granted the motion the following day. On March 21, 2022, petitioner filed a motion to appeal to the undersigned the grant of extension of time. (Pet'r's Mot. to Appeal (D.E. 23)). The court denied petitioner's motion that same day. On April 21, 2022, respondents filed a timely motion to dismiss the petition. (Resp't's Mot. to Dismiss (D.E. 34)). Petitioner now seeks reconsideration of the order granting an extension of time to answer on the basis that the extension falls outside the time proscribed under 28 U.S.C. § 2243.

Under § 2243, a writ of habeas corpus "or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4") provides that if a habeas corpus petition is not dismissed upon preliminary review, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

Petitioner misunderstands the procedural posture of the instant case. This court has yet to issue a writ or order to show cause pursuant to § 2243. Instead, the court directed respondents to file any responsive pleading pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Moreover, Rule 4 authorizes the court to order respondent to file a responsive pleading. See Rules Governing § 2254 Proceedings, Rule 4 ("[T]he judge must order the respondent to file an answer, motion, or other response.") The United States Supreme Court has the power to promulgate federal procedural rules, which have the force of statute. See 28 U.S.C. 2072 (providing "[a]ll laws in conflict with such rules shall be of no further force or effect after such

3

rules have taken effect"); CX Reinsurance Co. Ltd. v. Johnson, 977 F.3d 306, 315 (4th Cir. 2020) ("Under the arrangement reached between Congress and the Court, the Court has the power to prescribe rules and procedures in federal courts."). "Where a Rule of Civil Procedure conflicts with a prior statute, the Rule prevails." Penfield Co. of Cal. v. SEC, 330 U.S. 585, 589 n.5 (1947). Thus, if a conflict between § 2243 and Rule 4 exists, Rule 4, adopted in 1976, would supersede § 2243, enacted in 1948. See France v. State, No. 1:13CV250, 2014 WL 11997461, at *2 (M.D.N.C. Apr. 30, 2014) (finding Rule 4 superseded § 2243), aff'd, 584 F. App'x 117 (4th Cir. 2014).

Rule 4 provides courts greater flexibility in determining time allowed for responding to a habeas petition. See Rules Governing § 2254 Proceedings, Rule 4, Advisory Committee's Note ("In the event an answer is ordered under rule 4, the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made. . . . In view of the widespread state of work overload in prosecutors' offices . . . additional time is granted in some jurisdictions as a matter of course. Rule 4, which contains no fixed time requirement, gives the court the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made."). Accordingly, here, the court did not err in granting respondent's motion for extension of time merely because it was outside the time limits proscribed by § 2243.

The court next addresses petitioner's argument that respondent should have conferred with him prior to filing the motion for extension of time pursuant to Local Civil Rule 6.1. Rule 6.1 provides, "All motions for an extension of time to perform an act required or allowed to be done within a specified time must show good cause, prior consultation with *opposing counsel* and the

4

views of opposing counsel." Local R. 6.1(a) (emphasis added). As noted in the March 21, 2022, order, petitioner is appearing pro se and is not an attorney. Thus, he is not opposing counsel. See Yagman v. Johns, No. 5:08-CT-3089-FL, 2010 WL 7765708, at *3 (E.D.N.C. Mar. 29, 2010) (noting sanctions were not appropriate where defendant did not confer with pro se petitioner prior to filing motion for extension of time).

Accordingly, petitioner's motions for reconsideration of the court's March 21, 2022, order are denied.

C.  Motion for Sanctions (D.E. 42)

Petitioner requests sanctions against respondent's counsel pursuant to Rule 11(b)(2) and (b)(4) of the Federal Rules of Civil Procedure and Rule 11.1 of the Local Civil Rules. (Mot. for Sanctions (D.E. 42) at 1). Petitioner specifically asserts that respondent's counsel: (1) did not address all allegations in his motion to dismiss, (2) failed to properly "return" the writ for habeas corpus pursuant to § 2243, and (3) made false statements in his motion to dismiss the petition. (Mot. for Sanctions (D.E. 42) at 1–3).

Petitioner fails to comply with the procedural requirements of Rule 11, which requires that

> [t]he motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

With his motion, petitioner provided a certificate of service directed to respondent's counsel. The motion was signed May 9, 2022, and was filed with the certificate of service on May 12, 2022. (Mot. for Sanctions (D.E. 42) at 4–5). The fact that only three days passed between signing and filing make it apparent petitioner did not wait the requisite 21 days after service before filing the instant motion. Accordingly, the motion for sanctions is denied.

5

D.   Motion to Seal (D.E. 29)

Next, petitioner seeks a motion to seal the appendix ("Appendix 1") (D.E. 27) he filed on April 4, 2022. (Mot. to Seal (D.E. 29) at 2). It is unclear whether he also seeks to have the appendix ("Appendix 2") (D.E. 28) maintained under seal. (See id. at 2–3). Both appendices appear to be motions for reconsideration of the court's March 18 and 21, 2022, orders granting respondent's motion for extension of time to answer. (See Appendix 1 (D.E. 27) at 3–6; Appendix 2 (D.E. 28) at 3–6).

Neither appendix contains confidential information, and the court finds there is not information contained in either that merits sealing. See Doe v. Public Citizen, 749 F.3d 246, 266-67 (4th Cir. 2014) (providing standard for sealing court documents). Thus, the motion to seal is denied. "If [a] motion to seal is denied, the document will remain under seal," and "[t]he document will not be considered by the court." Local Civ. R. 79.2(b)(3). If petitioner seeks to have to court consider either appendix, he is directed to file the document publicly within 14 days of entry of this order.

E.   Motion As To What In The World Is Going On In Petitioner's Case (D.E. 45)

The substance of this motion seeks for the court to expedite its review of the case. (See Pl.'s Mot. (D.E. 45) at 2 (arguing "the court needs to free and release petitioner from prison"). Petitioner also repeats arguments made in the motions addressed herein. Therefore, the court construes petitioner's motion as a motion to expedite proceedings in this case.

Pursuant to Local Civil Rule 40.1(d),

> [e]ach judicial officer shall maintain an individual trial calendar with due regard for the priorities and requirements of law. Selected cases may be expedited by the judicial officer on his or her own motion, or on the motion of any party.

The court finds petitioner has not demonstrated a sufficient need to accelerate consideration of this matter. See e.g., Burney v. Bray, No. 5:13-CT-3049-FL (E.D.N.C. May 15, 2013); Schafer Corp. v. Virginia Square Office Corp., No. 1:12cv1204 (JCC/IDD), 2013 WL 237754, at *4 (E.D. Va. Jan. 22, 2013). Accordingly, the motion is denied.

## CONCLUSION

For the foregoing reasons, petitioner's motions for reconsideration (D.E. 25, 26), to seal (D.E. 29), to abandon Local Rules in favor of 28 U.S.C. § 2243 (D.E. 41), for sanctions (D.E. 42), and "as to what in the world is going on with petitioner's case" (D.E. 45) are DENIED. The clerk is DIRECTED to maintain docket entries 27 and 28 as "proposed sealed" documents. As provided above, should petitioner seek to have the court consider docket entry 27 or 28, he is DIRECTED to file the document publicly within **14 days** of entry of this order

SO ORDERED, this the 3d day of January, 2023.

RICHARD E. MYERS, II
Chief United States District Judge