IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-HC-2065-M

| | | |
|---|---|---|
| SIDDHANTH SHARMA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EDDIE M. BUFFALOE, JR. and | ) | |
| STEPHEN JACOBS, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on respondents' motion to dismiss (D.E. 34). Petitioner responded in opposition. Also before the court are petitioner's motion summary judgment (D.E. 30) and amended motion for summary judgment (D.E. 31), and motions "for Change of Address, Exceed Word Count, Add Parties, Emergency TRO/Preliminary Injunction, Ruling on the Pleadings, Pre-Trial Conference" (D.E. 52) and "for (More Refined) Response Under Rule 5, Expedition, Ruling on Pleadings, Reconsideration, Exceed Word Count, Pre-Trial Conference/Hearing" (D.E. 55).

BACKGROUND

On March 15, 2021, petitioner filed the instant action pursuant to 28 U.S.C. § 2254, alleging that the trial court in his underlying state criminal case violated his due process rights by instructing the jury as follows:

> The State and the defendant, [petitioner], have agreed and stipulated that certain facts shall be accepted by you as true without further proof. The agreed facts in this case are as follows: That on 3 March 2016, the defendant was convicted of a felony in Wake County Superior Court which was committed on 20 May 2015.

(Pet. (D.E. 1) at 21, 26). Plaintiff had been charged with two counts of possession of a firearm by a felon. State v. Sharma, No. COA19-591, 2020 WL 7350699, at *1 (Dec. 15, 2020). Because of the alleged error, petitioner contends the prosecutor did not meet his burden of showing petitioner was guilty beyond a reasonable doubt of all elements of the crime of felon in possession of a firearm as required pursuant to Sandstrom v. Montana, 442 U.S. 510 (1979). (Pet. (D.E. 1) at 10–29). Specifically, petitioner alleges the prosecutor did not meet its burden to prove petitioner had previously been convicted of a felony. (Id.).

After a period of frivolity review, the court allowed the action to proceed on February 9, 2022. (Feb. 9, 2022, Ord. (D.E. 17)). On April 11, 2022, petitioner filed the instant motion for summary judgment, and on April 12, 2022, petitioner filed the amended motion for summary judgment.

On April 21, 2022, respondents filed the instant motion to dismiss supported by a memorandum in support. Respondents argue petitioner has procedurally defaulted on his claim. (Resp. Mem. in Supp. (D.E. 35) at 5–20). Petitioner filed four separate responses in opposition on the following dates: April 22, 2022, May 2 and 3, 2022, and March 2, 2023.[1]

On February 17, 2023, petitioner filed his motion "for Change of Address, Exceed Word Count, Add Parties, Emergency TRO/Preliminary Injunction, Ruling on the Pleadings, Pre-Trial Conference." On March 2, 2023, petitioner filed the instant motion "for (More Refined) Response Under Rule 5, Expedition, Ruling on Pleadings, Reconsideration, Exceed Word Count, Pre-Trial Conference/Hearing."

---

[1]    Although petitioner submits other motions within the March 2, 2023, filing, the document is, in part, a response to respondents' motion for summary judgment. (See Pet'r Fourth Resp. (D.E. 55) at 6–7, 12–34). Therefore, the court construes this document as one of petitioner's responses.

2

## COURT'S DISCUSSION

A.    Legal Standard

Under 28 U.S.C. § 2254, a court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. A federal court cannot grant habeas relief in cases where a state court considered a claim on its merits unless the state court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States", or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in State Court proceeding." 28 U.S.C. § 2254(d). Federal courts apply a highly deferential standard of review under 28 U.S.C. § 2254(d) and (e). Cullen v. Pinholster, 563 U.S. 170, 181 (2011). Moreover, a state court's factual determination is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010).

"[A] federal court does not have license to question a state court's finding of procedural default" and "may only inquire into whether cause and prejudice exist to excuse that default, not into whether the state court properly applied its own law." Barnes v. Thompson, 58 F.3d 971, 974 n.2 (4th Cir. 1995) (quotations omitted). Federal courts "are not at liberty to question a state court's application of a state procedural rule because a state court's finding of procedural default is not reviewable if the finding is based upon an adequate and independent state ground." Burket v. Angelone, 208 F.3d 172, 184 (4th Cir. 2000); see also Coleman v. Thompson, 501 U.S. 722, 729 (1991) ("This Court will not review a question of federal law decided by a state court if the

3

decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."). A state procedural rule is adequate if it is "firmly established" and regularly and consistently applied. Johnson v. Mississippi, 486 U.S. 578, 587 (1988); James v. Kentucky, 466 U.S. 341, 348–49 (1984). Generally, "whenever a procedural rule is derived from state statutes and supreme court rules, . . . the rule is necessarily "firmly established." O'Dell v. Netherland, 95 F.3d 1214, 1241 (4th Cir. 1996), aff'd, 521 U.S. 151 (1997).

North Carolina Rule of Appellate Procedure 10(a)(2) provides: "A party may not make any portion of the jury charge or omission therefrom the basis of an issue presented on appeal unless the party objects thereto before the jury retires to consider its verdict." "[I]f a party neither lodges a timely objection nor asserts that the trial court's action or inaction constituted plain error, all review of that alleged error, including plain error, has been waived." State v. Benner, 380 N.C. 621, 638, 869 S.E.2d 199, 210 (2022). "[O]ne who fails to comply with North Carolina's procedural requirements for preserving challenges to jury instructions for direct review is barred from seeking federal habeas corpus relief unless he can show cause for, and prejudice from, his failure to follow the state procedural rules." Honeycutt v. Mahoney, 698 F.2d 213, 215 (4th Cir. 1983).

To show cause, a petitioner must show that an "external impediment" prevented him from following the state procedural rules. Murray v. Carrier, 477 U.S. 478, 492 (1985). For example, interference by officials, the factual or legal basis for objection not being reasonably available, or ineffective assistance of counsel may demonstrate cause. See id. 488–89. However, a petitioner who waived his right to counsel and represented himself at trial cannot demonstrate cause on

4

ineffective assistance of counsel grounds.  See Faretta v. California, 422 U.S. 806, 834 n.46 (1975) ("[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'").

To demonstrate prejudice, a petitioner must show the alleged constitutional violation "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  Carrier, 477 U.S. at 494.  "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence."  Strickler v. Greene, 527 U.S. 263, 289–90 (1999) (internal quotation marks omitted).  However, absent a showing of cause, the court need not address actual prejudice.  See Smith v. Murray, 477 U.S. 527, 533 (1986) (determining actual prejudice was unnecessary where petitioner filed to demonstrate cause); Engle v. Isaac, 456 U.S. 107, 131–35 (1982) (barring habeas review on failure to show cause for noncompliance with state court procedural rule without addressing actual prejudice).

"In order to demonstrate a miscarriage of justice to excuse the application of the procedural bar, [petitioner] must show actual innocence."  Smith v. Dixon, 14 F.3d 956, 974 (4th Cir. 1994). To demonstrate actual innocence, a petitioner must: (1) "support allegations of constitutional error with new, reliable evidence that was not proffered at trial;" and (2) "prove that in light of all the evidence, old and new, it is more likely than not that no reasonable juror would have voted to find him guilty beyond a reasonable doubt."  Hayes v. Carver, 922 F.3d 212, 217 (2019).

5

B.    Analysis

Here, as noted above, respondents argue petitioner has procedurally defaulted on his claim, and the petition must be dismissed. (Def. Mem. in Supp. (D.E. 35) at 5–22).  In petitioner's underlying state criminal proceeding, pursuant to North Carolina Rule of Appellate Procedure 10(a)(2), the North Carolina Court of Appeals found petitioner procedurally defaulted on his claims regarding the trial court's jury instructions and charge conference because petitioner failed to lodge objections at trial.[2]  Sharma, 2020 WL 7350699, *7-8.  Such a determination is not reviewable by this court.  See Burket, 208 F.3d at 184; Honeycutt, 698 F.2d at 215.  Therefore, petitioner must show either cause and actual prejudice for default or actual innocence.

Petitioner's responses to respondents' motion to dismiss are not the model of clarity. Petitioner argues the following: (1) he has not procedurally defaulted on his claims; (2) he has demonstrated cause and actual prejudice for any default; and (3) he is actually innocent of his underlying criminal conviction.  (Pet'r First Resp. (D.E. 37) at 4–5; Pet'r Third Resp. (D.E. 40) at 11–14; Pet'r Fourth Resp. (D.E. 55) at 12–30).[3]  However, the responses address several issues that are not the subject of the motion to dismiss and are rambling in nature.  (See Pet'r First Resp. (D.E. 37) at 1–6; Pet'r Second Resp. (D.E. 39) at 1–16; Pet'r Third Resp. (D.E. 40) at 5–20; Pet'r Fourth Resp. (D.E. 55) at 6–44).  For example, petitioner includes requests for sanctions, to expedite proceedings, and for pretrial conference.  (Pet'r First Resp. (D.E. 37) at 5–6; Pet'r Third Resp. (D.E. 40) at 6, 18–19; Pet'r Fourth Resp. (D.E. 55) at 35–40).

---

[2]    Although the North Carolina Rules of Appellate Procedure allow for discretionary plain error review for claims not preserved by objection at trial, petitioner did not advance such an argument before the North Carolina Court of Appeals. State v. Sharma, No. COA19-591, 2020 WL 7350699, *7 (Dec. 15, 2020).  Thus, petitioner waived any such argument.  See Benner, 380 N.C. at 638, 869 S.E.2d at 210.

[3]    Petitioner's second and third responses appear identical except for an additional paragraph included in the third response.  Accordingly, the court will only cite petitioner's third response in this order.

6

The court begins with petitioner's arguments that he did not procedurally default on his claims. Although unclear, it appears petitioner contends he was not required to object to the jury instructions at trial because the North Carolina Court of Appeals did not address the Sandstrom error argument in his appeal brief. (Pet'r First Resp. (D.E. 37) at 4). Petitioner further contends he has not procedurally defaulted because he raised the instant claim on direct appeal and exhausted all state remedies. (Pet'r Third Resp. (D.E. 40) at11–14; Pet'r Fourth Resp. (D.E. 55) at 24, 26–27). Petitioner does not deny that he failed to object to any jury instructions or during the charge conference. Sharma, 2020 WL 7350699, *7–8 (noting petitioner's failure to object).

While the North Carolina Court of Appeals did not explicitly address a Sandstrom error in its order, it addressed all petitioner's arguments regarding jury instructions in general. Sharma, 2020 WL 7350699, *7 (addressing petitioner's claims regarding jury instructions generally). Because petitioner's argument pursuant to Sandstrom is based on a jury instruction given by the trial court, the North Carolina Court of Appeals' decision necessarily also addressed the basis of petitioner's Sandstrom claim. Also, while petitioner raised the instant claim on direct appeal, the North Carolina Court of Appeals' decision that petitioner procedurally defaulted on his jury instruction claims is not reviewable by this court. See Burket, 208 F.3d at 184; Honeycutt, 698 F.2d at 215.

The court next considers petitioner's contentions that he has demonstrated cause to overcome procedural default. Petitioner appears to assert that the COVID-19 pandemic caused his appellate filings to be untimely. (Pet'r Third Resp. (D.E. 40) at 14–15). The fact that the COVID-19 pandemic affected the timeliness of petitioner's appellate filings is irrelevant to petitioner's failure to enter objections at trial. Petitioner further seems to assert the trial court

prevented him from objecting to jury instructions by revealing the nature of his underlying felony conviction. (Pet'r Fourth Resp. (D.E. 55) at 19). Petitioner provides no explanation as to how this action on the part of the trial court impeded and prevented his ability to object to the court's jury instructions. Thus, petitioner has not shown that an "external impediment" prevented him from following the North Carolina state procedural rules. Carrier, 477 U.S. at 492, 488–89. Because petitioner failed to show cause, the court need not address actual prejudice. See Smith, 477 U.S. at 533; Isaac, 456 U.S. at 131–35.

Lastly, the court addresses petitioner's arguments that he is actually innocent of the underlying crime. At trial, the jury found petitioner guilty of, inter alia, possession of a firearm by a felon. Sharma, 2020 WL 7350699, at *2. Under North Carolina law, it is "unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm." N.C. Gen. Stat. § 14-415.1(a). Petitioner contends he is actually innocent of his underlying state conviction for possession of a firearm by a felon because the prosecutor failed to meet their burden proving petitioner previously had been convicted of a felony. (Pet'r Fourth Resp. (D.E. 55) at 16–18). However, even if the court assumes petitioner's assertion is true, such circumstances illustrates legal, but not factual, innocence as required. See United States v. Pettiford, 612 F.3d 270, 282 (4th Cir. 2010) ("To succeed on actual innocence grounds, however, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent."). Petitioner fails to even assert that he did not have a prior felony conviction satisfying the requisite element in North Carolina's criminal statute for possession of a firearm by a felon.

8

Accordingly, petitioner has failed to demonstrate cause and actual prejudice or actual innocence excusing his procedural default. The court grants respondents' motion to dismiss.

C.      Certificate of Appealability

Reviewing the claims presented in the petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. See Buck v. Davis, 137 S. Ct. 759, 777 (2017); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Accordingly, the court denies a certificate of appealability.

## CONCLUSION

For the reasons discussed above, the court GRANTS respondents' motion to dismiss (D.E. 34) and DENIES a certificate of appealability. All remaining motions (D.E. 30, 31, 52, 55) are DENIED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this the 29th day of ___March___, 2023.

Richard E. Myers II
RICHARD E. MYERS, II
Chief United States District Judge

9